REAVLEY, Circuit Judge,
concurring:
I concur in the judgment and agree with the holding that mold damage to the Carri-zales’ dwelling caused by plumbing leaks is not covered under Form B of the Texas Standardized Homeowners Policy issued by State Farm. I write in the hope that it will be useful to review the Texas law on mold damage under the current policy language.
As noted by the majority, the policy divides coverage into Coverage A (Dwelling), insuring against risk of physical loss to the dwelling, and Coverage B (Personal Property), insuring against loss to personal property caused by specific, enumerated perils. The policy specifically excludes from coverage all “loss caused by ... mold .... ” There are two policy provisions that could possibly negate this general mold exclusion. The first is the “ensuing loss” provision of the mold exclusion itself, which states in relevant part: “We do cover ensuing loss caused by ... water damage....”[1] Although mold is certainly caused by water, Texas law controls our decision and the Texas Supreme Court has refused to read the ensuing loss provision as providing coverage for damage in mold cases. See Fiess v. State Farm Lloyds, 202 S.W.3d 744, 750-51 (Tex.2006).
The second provision that could negate the mold exclusion is the so-called “exclusion repeal” provision, which is located textually in Coverage B. This provision was not at issue in Fiess. See Fiess, 202 S.W.3d at 746 n. 3. Subsection 9 of Coverage B affords coverage for loss to personal property from plumbing leaks. It then provides that “[ejxclusions l.a through l.h [including the mold exclusion of l.f] under Section I Exclusions do not apply to loss caused by this peril.”[2] It is clear from the plain language of this provision that the exclusion for loss to personal property from mold caused by plumbing leaks is repealed. In other words, the exclusion repeal provision reinstates coverage for mold damage to personal property that arises from a plumbing leak. The question is whether this provision applies to any *352 loss or only to losses to personal property under Coverage B. The Carrizaleses would have this provision also repeal the exclusion to Coverage A for loss to the dwelling caused by mold arising from plumbing leaks.
The Carrizaleses rely on Balandran v. Safeco Ins. Co. of America, 972 S.W.2d 738, 740-41 (Tex.1998), where the Texas Supreme Court held that the exclusion repeal provision repealed exclusion 1.h[3] for foundation damage in a dwelling and reinstated coverage even though the repeal provision was textually located within Coverage B. The Balandrán court read the l.h exclusion to apply to the limited dwelling damage of l.h because of its concern with affording meaning to all policy language. See id. at 741 (“We must read all parts of the contract together, ... striving to give meaning to every sentence, clause, and word to avoid rendering any portion inoperative .... [The insurer’s] construction of the policy renders a part of the policy language meaningless.” (internal citation omitted)). Because exclusion l.h applies only to the limited dwelling and not to personal property losses, its inclusion in the list of provisions that are repealed would be meaningless if the repeal was not meant to reinstate coverage for that loss to the dwelling in Coverage A. Id. at 741. In other words, because exclusion l.h does not apply to personal property, it would not be necessary to include l.h in the repeal provision — unless the repeal provision reinstated coverage for that peril with respect to Coverage A.
In the instant case, the same concern for affording meaning to all policy language is not present. Unlike exclusion l.h, the mold exclusion in l.f applies to both dwelling and personal property loss. Because mold can affect both real and personal property, the policy language is not left without meaning by concluding that the exclusion repeal provision reinstates coverage for mold only for losses to personal property in Coverage B. Rather, Coverage B appears specifically intended to provide greater coverage for such a loss to personal property. See Salinas v. Allstate Texas Lloyd’s Co., 278 F.Supp.2d 820, 823 (S.D.Tex.2003).
The plaintiffs’ argument for the exclusion repeal provision to reinstate coverage for exclusion l.f with respect to the dwelling in Coverage A ignores the structure of the policy. Coverage B insures against risks to personal property from specific perils, one of which is plumbing leaks. The exclusion repeal provision expressly negates exclusion l.f with respect to “loss caused by this peril.” The “peril” referred to is plumbing leaks which affect the personal property of the insured. Other than Balandrán, which is distinguishable, there is no reason apparent in the policy to apply the exclusion repeal provision to the dwelling in Coverage A.
The majority, and some district court opinions, have reached a similar result and found support in the Texas Supreme Court’s decision in Fiess. Although Fiess found no mold coverage, it concerned a wholly separate part of the policy — the ensuing loss provision — and is inapposite.
This case involves a standard form policy mandated by the Texas Insurance Commissioner. See Fiess, 202 S.W.3d at 746; Balandran, 972 S.W.2d at 741; Tex. Ins. Code Ann. art. 5.35. If state regulators want to require the exclusion repeal provi *353 sion to reinstate mold coverage for damage to a dwelling under Coverage A they could do so by simply amending the form to read, “Exclusions l.a through l.h under Section I Exclusions do not apply to loss to the dwelling or personal property caused by this peril.” As currently drafted, the exclusion repeal provision with respect to mold applies only to personal property.
Finally, I agree that if plaintiffs’ proved damages not attributed to mold damage to the dwelling or to State Farm’s refusal to cover that, and not to the plaintiffs’ failure to mitigate same, the judgment must be reversed. I do not understand what part of the judgment we are affirming.

. Exclusion 1 .f of the policy states:
We do not cover loss caused by:
(2) rust, rot, mold or other fungi.
We do cover ensuing loss caused by collapse of building or any part of the building, water damage or breakage of glass which is part of the building if the loss would otherwise be covered under this policy.

. The policy states:
COVERAGE B (PERSONAL PROPERTY) We ensure against physical loss to the property described in Section I Property Coverage, Coverage B (Personal Property) caused by a peril listed below, unless the loss is excluded in Section I Exclusions.
9. Accidental Discharge, Leakage or overflow of Water or Steam from within a plumbing, heating or air conditioning system or household appliance.
Exclusions l.a through l.h under Section I Exclusions do not apply to loss caused by this peril.

. Exclusion l.h of the policy states in relevant part:
We do not cover loss under Coverage A (Dwelling) caused by settling, cracking, bulging, shrinkage, or expansion of foundations, walls, floors, ceilings, roof structures, walks, drives, curbs, fences, retaining walls or swimming pools.